**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 11-cr-00376-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

vs.

1. EXECUTIVE RECYCLING, INC.,
2. BRANDON RICHTER, and
3. TOR OLSON,

 Defendants.

## **AMENDED ORDER AS TO DEPOSITION OF GARY TAM**

  This matter is before the Court on the Government's Amended Motion for Deposition Pursuant to Fed. R. Crim. P. 15 (the "Motion"). (ECF No. 37.) In the Motion, filed on December 9, 2011, the Government sought leave to take the depositions of four nationals of Hong Kong: Gary Tam, Edmund Fung, Fung Wing Lau, and Peter Lei. (*Id.*) Defendant Tor Olson filed a Response to the Motion on December 14, 2011 (ECF No. 55), and Defendants Executive Recycling, Inc. and Brandon Richter filed a Response on December 23, 2011 (ECF No. 79). On December 28, 2011, the Government filed a Reply, in which it narrowed its request by seeking to depose only two of the aforementioned individuals: Gary Tam and Edmund Fung. (ECF No. 80, at 1 n.1.)

  On February 3, 2012, the Court held oral argument on the Motion. (ECF No. 100.) Several important matters were clarified at that oral argument:

(1) All Defendants made clear that they did not oppose the taking of the depositions

>   as long as certain terms and conditions of taking the depositions could be agreed to, including who would bear the costs of travel, accommodations, and the taking of the depositions;

(2) Counsel for Defendants Executive Recycling, Inc. and Brandon Richter informed the Court that neither she nor Brandon Richter will attend the depositions in person, but instead that she and her clients will rely on counsel for Tor Olson to question the witnesses at the depositions and otherwise conduct the depositions on behalf of all Defendants;

(3) Counsel for Tor Olson informed the Court that only he, and not Defendant Tor Olson, will attend the depositions in person; and

(4) All Defendants and counsel for Executive Recycling, Inc. and Brandon Richter will watch the depositions via live audio-visual feed, and will be able to communicate telephonically with counsel for Tor Olson during the deposition if necessary.

At the oral argument, the Court instructed the parties to submit proposed orders setting forth their proposals for the terms and conditions of the depositions to be taken. On February 17, 2012, the Government and Tor Olson filed their proposed orders. (ECF No. 101, 102.)

In considering the arguments made in the Motion, the two Responses, and the Reply, the arguments and concessions made at the oral argument, and the proposed orders submitted by the Government and Defendant Tor Olson, the Court ORDERS as follows:

(1) The Government's Amended Motion for Deposition (ECF No. 37) is GRANTED

    as to prospective witness Gary Tam ("Mr. Tam"), an officer of the Hong Kong Environmental Protection Department, Territorial Control Office, 24/F, Southorn Centre, 130 Hennessy Road, Wan Chai, Hong Kong.

(2) The Court finds that exceptional circumstances and the interests of justice warrant the taking of the deposition of Mr. Tam, as required by Fed. R. Crim. P. 15(a).

(3) The deposition of Mr. Tam shall be taken in accordance with the specific procedures identified in this Order and the provisions of Fed. R. Crim. P. 15.

(4) Pursuant to the Agreement with Hong Kong on Mutual Legal Assistance in Criminal Matters, Apr. 15, 1997, S. Treaty Doc. No. 105-6 (1997) art. 1, § 1 (hereinafter the "MLAT"), the Government shall submit a MLAT request for the deposition ("Request") to the Attorney General of the United States or such person authorized to officially submit the Request to the appropriate official in Hong Kong.

(5) The Government shall provide notice of any status changes of the Request to the Court and Defendants, including any requests by the Hong Kong Central Authority to modify the terms of the Request.  The Government shall provide such notice to the Court and Defendants in a prompt manner, via a declaration or declarations made under penalty of perjury.

(6) [omitted]

(7) No attorney shall be subject to arrest or detention by Hong Kong or Chinese officials for participation in or conduct related to the taking of the Deposition.

(8) The deposition testimony of Mr. Tam shall be taken before a person authorized

|      |   |
|---|---|
|  | to administer oaths in the place in which the examination is held either by the law thereof or by the law of the United States (the "Officer"). |
| (9) | The deposition shall be taken under oath or affirmation to testify truthfully, as administered by an officer authorized to administer such oath or affirmation by the law of the jurisdiction in which the deposition occurs.  Mr. Tam must be advised that his statements are being given under oath or affirmation to testify truthfully.  The oath or affirmation must be in a form that is designed to impress that duty on Mr. Tam's conscience. |
| (10) | The deposition shall be recorded by stenographic and audio-visual means and shall be recorded in a format compatible with the technological devices available in this Court. |
| (11) | The Officer shall certify that Mr. Tam was duly sworn by the Officer and that the stenographic transcript and sound-and-visual recording of the deposition constitute the true record of Mr. Tam's testimony.  This certificate shall be in writing and shall accompany the record of the deposition.  The Officer shall file the record of the deposition with this Court no later than 30 days prior to the start of the trial of this case.  The record of the deposition shall include the stenographic transcript, the audio-visual recording, and copies of all documents and other things produced for inspection during the deposition. |
| (12) | All documents and other things produced for inspection during the deposition shall be marked as Government exhibits or Defense exhibits and shall be the same as those used during the trial. |
| (13) | The Officer shall retain all stenographic or other notes of the deposition. |

(14) The deposition shall not last longer than 12 hours on the record over the course of two consecutive days, with time for questioning to be divided equally between the Government and Defense.  Counsel for the parties shall make their best, good-faith efforts to conclude the deposition as expeditiously as possible.

(15) Concurrently with this Order, the Court has ordered the deposition of Edmund Fung.  The two depositions shall occur in the shortest period reasonably possible, not to exceed four consecutive days.

(16) The deposition shall be taken by an attorney of record for the Government, Sunetta Hazra and/or Lillian Alves, and by counsel for Tor Olson, William Leone.

(17) Counsel for the United States shall conduct direct examination of Mr. Tam, counsel for Tor Olson shall be given a full and adequate opportunity to conduct cross-examination of Mr. Tam, counsel for the United States may conduct re-direct examination of Mr. Tam, and, if the Government's counsel conducts re-direct examination, counsel for Tor Olson may conduct re-cross examination of Mr. Tam.

(18) All counsel shall be afforded a reasonable number of opportunities throughout the deposition to consult with co-counsel in the United States regarding issues which arise during the course of the deposition.

(19) The effect of any objections made and the manner of objecting shall be in accordance with Federal Rule of Civil Procedure 30(c)(2).  Any objections made at the time of the deposition shall be noted by the Officer on the record, however the deposition shall continue and Mr. Tam shall answer the question to which the objection applied.  Any objections made shall be stated concisely and in a non-

        argumentative and non-suggestive manner.  Any objections not made during the deposition shall not be deemed to be waived and counsel shall retain the ability to make objections to the content of the deposition at trial, with the exception of those objections based upon grounds that might have been corrected at the time of the deposition.  *See* Fed. R. Civ. P. 32(d).

(20)    Pursuant to Fed. R. Crim. P. 15(e)(3), the Government must provide to the Defendants, for use at the deposition, any statement of Mr. Tam in the Government's possession to which the Defendants would be entitled at trial.  This rule, in conjunction with the Supreme Court rulings in *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 1050 (1972), require the Government to disclose all exculpatory or potentially exculpatory evidence in its possession to the defendant.  *See, e.g.*, *Brady*, 373 U.S. at 87.  Furthermore 18 U.S.C. § 3500 requires the government to provide to the defendant "any statement of the witness in the possession of the United States that relates to the subject matter as to which the witness has testified." 18 U.S.C. §3500(b).  The Court has determined that although these disclosures need not include all rough interview notes taken, typed statements that simply summarize previous interviews are not sufficient.  The Government shall provide to the Defendants any and all statements and notes in its possession that relate to the subject matter of testimony of Government witnesses that have either been adopted by Mr. Tam or contain a "substantially verbatim recital of an oral statement" made by Mr. Tam, pursuant to 18 U.S.C. § 3500.  *See Goldberg v. United States*, 425 U.S. 94, 101-08 (1976).  Further, the Government shall disclose any topic it

anticipates being discussed in the deposition that is not included in the disclosed statements. While this production would not normally be triggered until the witness testified on direct examination, the Court holds that because the deposition will be taken potentially in lieu of in-court testimony, Defendants are entitled to these disclosures at this juncture based upon the historical practice in this District to provide such evidence in advance of the trial, coupled with the general interest in judicial efficiency, and in an effort to avoid delay and inconvenience during the taking of the deposition. All such statements and additional topics shall be provided to Defendants no later than 14 days before the deposition. If the Government receives additional statements after that time period, it shall provide them as soon as practicable but before the deposition. Given the unique circumstances presented by this international deposition the Court finds that these disclosures comport with interest of preserving Defendants' rights to adequately prepare for the deposition in light of the limited nature of access to Mr. Tam. Because both parties will have only this single opportunity to question Mr. Tam and the deposition will occur before any other evidence is presented at trial, the Court seeks to err on the side of inclusion while retaining the authority to limit the admissibility of any or all of the deposition during the course of the trial.

(21) Although Fed. R. Crim. P. 15(c) and (d) permit Defendants to be present during depositions, Defendants have agreed that only counsel for Tor Olson will be present in person throughout the deposition and that the deposition must be conducted in such a manner that Defendants and counsel for Defendants

        Executive Recycling, Inc. and Brandon Richter and any assistant have the ability to view a live audio-video feed of the deposition and have the ability to communicate telephonically with counsel for Defendant Tor Olson during the deposition.

(22) The Government shall make the arrangements with regards to obtaining an interpreter and arranging the place and time of the deposition in Hong Kong.

(23) The Court finds that, based on the information previously submitted by the Defendant pursuant to the Criminal Justice Act ("CJA") and pursuant to Fed. R. Crim. P. 15(d), Defendant Tor Olson is unable to bear the Deposition expenses.

(24) Accordingly, and given its authority to do so under Fed. R. Crim P. 15(d), the Court orders the Government to pay the reasonable travel and subsistence expenses for counsel for Tor Olson, William Leone, to attend the deposition, the costs of the deposition transcript for each Defendant, the cost of an interpreter at the deposition, the cost of recording and broadcasting the deposition, and any costs assessed by the Hong Kong or Chinese Governments related to the deposition.  The reimbursed expenses of William Leone shall not exceed the travel and foreign *per diem* rates as established by the Department of State Office of Allowances for reimbursement of government civilians traveling on official business in Hong Kong.

(25) After being fully advised, Defendants Executive Recycling and Brandon Richter knowingly and voluntarily waive both their right to be present at the deposition and their right to have their counsel, Pamela Mackey, personally examine Mr. Tam.  By waiving these rights, Defendants Executive Recycling, Inc. and

Brandon Richter both recognize they cannot later assert that, because neither they nor their attorney attended the deposition, admission of the deposition violates their right to confront and cross examine Mr. Tam under the Sixth Amendment.

(26) Within 14 days from the date of this Order, Defendants Executive Recycling, Inc. and Brandon Richter shall file with the Court a Notice indicating that they voluntarily waive their right to attend the deposition in person, and that they voluntarily waive their right to have their counsel attend the deposition in person.

(27) After being fully advised, Defendant Tor Olson knowingly and voluntarily waives his right to be physically present at the deposition (although his attorney William Leone will be physically present appearing on his behalf). By waiving these rights, Defendant Tor Olson recognizes he cannot later assert that, because he did not personally attend the deposition in person, admission of the deposition violates his right to confront and cross examine Mr. Tam under the Sixth Amendment.

(28) Within 14 days from the date of this Order, Defendant Tor Olson shall file with the Court a Notice indicating that he voluntarily waives his right to attend the deposition in person.

(29) Nothing in this Order shall be interpreted as a ruling by the Court that the deposition or any portion thereof will be admissible at the trial of this action. The Court reserves ruling on the admissibility of any portion of the deposition testimony until a later date after which the Court will be able to determine the circumstances under which the deposition was taken, including but not limited to

the extent to which (a) Defendants' confrontation rights were preserved during the deposition, and (b) the procedures outlined herein and in Fed. R. Crim. P. 15 were followed during the deposition.

Dated this 20th day of March, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge