**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 11-cr-00376-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

1.     EXECUTIVE RECYCLING, INC.,
2.     BRANDON RICHTER, and
3.     TOR OLSON,

    Defendants.

**ORDER ON THE GOVERNMENT'S MOTION TO EXCLUDE
PROPOSED EXPERT TESTIMONY OF DEFENSE EXPERT MICHAEL W. COOPER**

In this action, the Government charges Executive Recycling, Brandon Richter, and Tor Olson with one count of a violation of the Resource Conversation and Recovery Act ("RCRA") (42 U.S.C. § 6928(d)(4) and 6 C.C.R. 1007-3 § 262.53), one count of smuggling (18 U.S.C. § 554), eleven counts of wire fraud (18 U.S.C. § 1343), two counts of mail fraud (18 U.S.C. § 1341), and one count of obstruction of justice (18 U.S.C. § 1519).  (ECF No. 1.)  In short, the Government charges that Defendants (1) illegally transported and exported a shipment of electronic waste that included cathode ray tubes ("CRTs") containing lead; (2) falsely represented to various businesses and government entities in Colorado that Defendants would dispose of the entities' electronic waste in an environmentally friendly manner and in compliance with all applicable local, state, and federal laws and regulations; and (3) destroyed evidence with the intent to impede the Government's investigation of them.  (*Id.*)

On September 7, 2012, Defendants filed a Joint Defense Expert Disclosure regarding Michael W. Cooper ("Cooper Disclosure").  (ECF No. 147.)[1]  Mr. Cooper is a civil engineer and environmental consultant who advises companies regarding their compliance with environmental laws and regulations, including those pertaining to hazardous waste.  (*Id.* Exs. A & B.)  Mr. Cooper's Summary of Opinion and Underlying Facts and Data in Support Thereof lay out the opinions to which he plans to testify.  (*Id.* Ex A.)

This matter is before the Court on the Government's Motion to Exclude Expert Testimony or in the Alternative Motion for Pre-Trial Hearing Under FRE 702 ("Motion").  (ECF No. 155.)  In the Motion, the Government asks the Court to preclude Defendants from being able to introduce at trial the opinions of Mr. Cooper.[2]  Defendants have filed a Response to the Government's Motion as it pertains to Mr. Cooper (ECF No. 157), and the Government has filed a Reply (ECF No. 160).  For the following reasons, the Government's Motion, as it pertains to defense expert Michael W. Cooper, is granted in part and denied in part.

## I. ANALYSIS

The Government moves to exclude Mr. Cooper's proposed testimony on the ground that it does not comply with Federal Rule of Evidence 702.  Rule 702 allows a witness

---

[1] Separately, Defendant Tor Olson filed a Defense Expert Disclosure regarding Mr. Adam Minter.

[2] The Court has already resolved the aspects of this Motion that sought to exclude Mr. Minter's testimony.  (ECF No. 205.)

> who is qualified as an expert by knowledge, skill, experience, training, or education [to] testify in the form of an opinion or otherwise if:  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

"The proponent of the expert testimony bears the burden of proving the foundational requirements of Fed. R. Evid. 702 by a preponderance of the evidence." *Hertz v. Luzenac Am., Inc.*, No. 04-cv-01961, 2011 WL 1480523, at *4 (D. Colo. Apr. 19, 2011). "[T]he rejection of expert testimony is the exception rather than the rule." Fed. R. Evid. 702 advisory committee's note.

Initially, the Court finds  that Mr. Cooper is qualified to testify on the topics he proposes, given his substantial experience over the course of thirty years in the field of environmental consulting.  The Court rejects the Government's arguments as to Mr. Cooper's "metholodogy" in arriving at his opinions, and whether Mr. Cooper's opinions are reliable.  Mr. Cooper's extensive experience in the field of environmental consulting give sufficient guarantees of reliability.  *In re MDL-731 Tax Refund Litig. of Organizers & Promoters of Inv. Plans Involving Book Props.*, 989 F.2d 1290, 1299 (2d Cir. 1993) (where experts were qualified and their expertise was grounded in their experience in a particular industry, the Court allowed the testimony while emphasizing that the opposing party will have "ample opportunity during cross-examination . . . to cast doubt on the reliability of [their opinions]"); *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1085 (D. Colo. 2006) ("gaps or inconsistencies in an expert's reasoning may go to the weight of the expert evidence, not its admissibility").

Thus, the sole remaining issue is whether Mr. Cooper will invade the Court's role of instructing the jury on the law by rendering opinions regarding the meaning of the governing environmental regulations in this case. "[Q]uestions of law are the subject of the court's instructions and not the subject of expert testimony." *United States v. Vreeken*, 803 F.2d 1085, 1091 (10th Cir. 1986). Here, Mr. Cooper clearly proposes to testify in part regarding the relevant regulations (RCRA and Colorado's regulatory scheme) which is the law that governs this case. Thus, in this sense, much of Mr. Cooper's proposed testimony is questionable as to admissibility.

However, the Court also recognizes that the touchstone for admissibility of expert testimony under Rule 702 is whether the testimony will assist the trier of fact. *See* Fed. R. Evid. 702 advisory committee's note (stating that whether the situation is a proper one for expert testimony "is to be determined on the basis of assisting the trier"); *Werth v. Makita Elec. Works, Ltd.*, 950 F.2d 643, 648 (10th Cir. 1991) ("[T]he touchstone of admissibility [under Rule 702] is helpfulness to the trier of fact."). Given that this case involves complex environmental regulations,[3] and given Mr. Cooper's

---

[3] To support its argument that Mr. Cooper's testimony should be excluded, the Government cites to *United States Aviation Underwriters Inc. v. Pilatus Business Aircraft, Ltd.*, 582 F.3d 1131 (10th Cir. 2009), in which the Tenth Circuit held that the district court abused its discretion by allowing an expert to testify regarding the meaning of a federal aviation regulation. *Id.* at 1150-51. In reaching its decision, the Court emphasized that the applicable regulation "was written in straightforward language and was quoted verbatim in a jury instruction," and so expert testimony regarding the regulation was unnecessary. *Id.*

In response, Defendants cite to *United States v. Buchanan*, 787 F.2d 477 (10th Cir. 1986), in which the Tenth Circuit upheld the district court's decision to allow the testimony of an expert that a particular homemade device constituted a "firearm" under the governing regulations. *Id.* at 483-84. In reaching its decision, the Court emphasized that the testimony involved "an array of statutory definitions." *Id.* at 483. The Court also pointed out that, in other cases, expert testimony has been allowed regarding whether certain drugs come within particular statutory classification, and whether certain expenses are deductible under federal tax laws. *Id.* at 484.

experience, the Court finds that some of Mr. Cooper's proposed testimony will assist the jury without invading into the Court's province of instructing the jury as to the law.

Specifically, the Court will allow Mr. Cooper to testify generally about the Federal and Colorado regulatory scheme, so long as his testimony is not inconsistent with the Court's November 29, 2012 ruling regarding the jury instructions related to the determination of whether materials are a hazardous waste. The Court will also permit Mr. Cooper to testify about the adoption of Colorado's Universal Waste Regulations, why these regulations are significant to non-residential users of electronics, and the relationship between the non-residential user and the Universal Waste Handler or recycler. Mr. Cooper may also testify about his experience advising clients regarding the development and implementation of procedures to comply with the hazardous waste regulations. The Court finds that this testimony is relevant as it provides context as to why non-residential users would engage the services of a recycler such as Defendants. The Court also finds that a generalized discussion of the regulatory scheme provides background for the case that is likely to assist the jury.

However, the Court will not allow Mr. Cooper to testify about the specific legal principles that are disputed in this case. *See Jensen v. Specht*, 853 F.2d 805, 809-10 (10th Cir. 1988) (expert cannot "attempt to define the legal parameters within which the

---

The Court has reviewed both *Aviation Underwriters* and *Buchanan* and finds that the regulatory scheme at issue here is multi-faceted and complex and, therefore, more akin to *Buchanan* than *Aviation Underwriters*. Accordingly, the Court finds that Mr. Cooper's testimony regarding the regulatory scheme will assist the jury and is admissible, within the confines set forth in this Order.

jury must exercise its fact-finding function"). Specifically, the Court will not allow Mr. Cooper to testify about the following:

- how a recycler or universal waste handler determines whether a material constitutes a "waste";
- the fact that Colorado's Universal Waste Regulations only apply once a material is determined to be a waste;
- a computer monitor or television that is resold would not be a waste electronic device under the governing regulations, regardless of its condition;
- a CRT component that is resold would not be a waste electronic component regardless of its condition;
- the provisions of the Universal Waste regulations which address exports of Universal Waste would not be applicable to computer monitor or television electronic devices that are resold or CRT components that are resold; and
- the provisions of Subpart 262 of Colorado's regulations which address exports of hazardous waste would not be applicable to computer monitor or television electronic devices that are resold or CRT components that are resold.

Given the Court's ruling on how it will instruct the jury regarding whether a material is a hazardous waste, many of these opinions are not accurate. Others are redundant of instructions that the Court will already give to the jury, and will thus not independently be of any further assistance to the jury.

The Court will provide the jury with clear instructions on how they are to determine whether the materials at issue in this case are a hazardous waste and Mr. Cooper's opinions on the issue—where they don't conflict with the Court's

6

instructions—tread too close to the ultimate legal conclusion in this case of whether Defendants violated the governing environmental regulations. *See United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) ("An expert may not state legal conclusions drawn by applying the law to the facts . . . .") (internal quotations omitted).

Mr. Cooper also may not testify about federal regulations regarding CRTs. The Court has determined that the Colorado regulations apply to this case so how CRTs are classified under Federal regulations is irrelevant. Mr. Cooper also may not testify that Colorado's Universal Waste Regulations are more stringent than the Federal regulations. That is a legal conclusion and, again because the Federal regulations do not apply here, irrelevant.

Additionally, Mr. Cooper will not be permitted to testify as to what a "reasonable" reading of the regulations is. Instead, defense counsel should instruct Mr. Cooper to preface his testimony about the regulations by emphasizing that he is only testifying to ***his own*** interpretation of the regulations. Further, the Court will provide to the jury a clear limiting instruction regarding Mr. Cooper's testimony, namely, that his testimony involves his own opinions, and that the jury is to follow the Court's instructions as to the law governing the case.

On a similar point, the Court does not have a problem with Mr. Cooper testifying that "he advises clients that the precise meaning of the hazardous waste regulations is not always straightforward, but is subject to interpretation," because that entire statement places great emphasis on the fact that it is solely his opinion. More generally, the Court will be more inclined to allow Mr. Cooper's testimony regarding what he recommends to clients (which is more akin to industry standards), as opposed

7

to what the law actually requires (a pure statement of law).  *See Wingerter v. Gerber*, No. 09-cv-02000, 2011 WL 441478, at *3 (D. Colo. Feb. 8, 2011) ("The line is not always clear between impermissible testimony about what the law is and permissible expert testimony about standard industry practice.") (internal quotations and brackets omitted).  The Court will not allow Mr. Cooper to make stronger statements, such as that the regulations are "subject to interpretation," or to give a clearer example, that the regulations are "confusing."  The stronger the statement about the lack of clarity of the regulations, the more the statement will constitute an ultimate opinion touching too directly on Defendants' alleged lack of criminal intent.  *See* Fed. R. Evid. 704(b) ("In a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense.  Those matters are for the trier of fact alone."); *United States v. Shaffer*, 472 F.3d 1219, 1225 (10th Cir. 2007) (expert not allowed to testify about whether defendant knowingly possessed child pornography as the defendant's intent was hotly contested at trial).

Finally, the Government also moves to exclude Mr. Cooper's proposed testimony regarding the TCLP test method, which is apparently *the* dispositive test used to determine whether a particular substance has characteristics of toxicity under the governing regulations.  The Government argues that Mr. Cooper is not a chemist, and there is no indication that he has any experience conducting or overseeing TCLP tests.  Notably, Defendants in no way respond to this argument in their Response.  The Court holds that Defendants have not met their burden of showing that Mr. Cooper is qualified

to testify regarding the TCLP test method, so he will not be allowed to do so. *See Ralston v. Smith & Nephew Richards, Inc.*, 275 F.3d 965, 970 n.4 (10th Cir. 2001) (stating that the proponent of expert testimony bears the burden of demonstrating that the expert is qualified to render a particular expert opinion).

## II. CONCLUSION

For the reasons set forth above, the Government's Motion to Exclude Expert Testimony or in the Alternative Motion for Pre-Trial Hearing Under FRE 702 (ECF No. 155), as it pertains to defense expert Michael W. Cooper, is GRANTED IN PART and DENIED IN PART, as set forth more fully above. Those matters addressed in the Government's Motion and not ruled on in this Order will, of necessity, be resolved at trial.

Dated this 30th day of November, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge