**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 11-cr-00376-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

1.    EXECUTIVE RECYCLING, INC.,
**2.    BRANDON RICHTER**, and
**3.    TOR OLSON**,

    Defendants.

---

**ORDER GRANTING DEFENDANT RICHTER'S MOTION TO RECONSIDER,
AND EXCLUDING AN ADDITIONAL 30 DAYS FROM THE SPEEDY TRIAL ACT**

---

This matter is before the Court on Defendant Brandon Richter's Motion to Reconsider the September 28, 2015 Order Granting in Part Defendant Richter's Motion to Vacate the Motions Deadlines and Trial Date, and Exclude Such Time from the Speedy Trial Act as is Sufficient to Result in an October 2016 Trial Date (the "Motion"). (ECF No. 579.)  On September 28, 2015, the Court granted in part Defendant's Motion, which sought an ends of justice continuance of 365 days, and excluded 210 days from the Speedy Trial Act calculation ("EOJ Order"). (ECF No. 578.)  The instant Motion seeks reconsideration of the EOJ Order's refusal to exclude 365 days, and requests an additional continuance for a total of "300 days of time from the speedy trial clock, or such time as is necessary to result in a late July 2016 trial date." (ECF No. 379 at 4.)  In response to the Motion, the Government states that it does not oppose a continuance that would yield a trial in July 2016. (ECF No. 581 at 1–2.)  The

Government further requests a scheduling conference in order to select a trial date. (*Id.* at 2.)

In the EOJ Order, the Court discussed the pertinent legal standards and the reasons for finding a continuance warranted in the instant case. (ECF No. 578.) That discussion is incorporated herein. The instant Motion challenges the Court's assumption that the reduced number of issues remaining for retrial will also reduce the necessary time for trial preparation, and the Government agrees with Defendant's counsel as to the preparation time necessary. (ECF Nos. 579 at 2–3; 581 at 2.) Given the parties' agreement that the interests of justice will be served by a continuance that results in a July 2016 trial date, the Court finds good cause to grant the Motion.

With the current exclusion of 210 days, the Court's Speedy Trial Act calculations result in the latest possible trial date of June 23, 2016. As such, an additional 30 days' continuance is necessary in order to achieve the continuance the parties agree will serve the ends of justice, resulting in a latest possible trial date of July 23, 2016.

Accordingly, the Court FINDS that:

(1) Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i); and

(2) Even considering due diligence, failure to grant the motion would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

(3) An additional **30 days** should be excluded from the computation of the speedy trial time, for a total exclusion of **240 days**; and

(4) Therefore, the ends of justice served by granting the motion outweighs the best interests of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A).

THEREFORE, the EOJ Order (ECF No. 578) is hereby AMENDED as follows, and it is hereby ORDERED that:

(1) Defendant Richter's Motion to Reconsider the September 28, 2015 Order (ECF No. 579) is GRANTED;

(2) **All days from today, to and including May 25, 2016, shall be excluded from the Speedy Trial Clock as to ALL Defendants**; and

(3) The Court will enter a separate Order resetting the Trial date and related deadlines. Instead of holding the Government's requested scheduling conference, the Court will contact counsel by e-mail to determine an appropriate trial date.

Dated this 5th day of October, 2015.

BY THE COURT:

William J. Martínez
United States District Judge